UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. _____

John Raines and John Nesse, as Trustees of the
Carpenters and Joiners Defined Contribution
Plan; and each of their successors,

Plaintiffs,

vs.

**COMPLAINT**

Calacci Construction Co., Inc.,

Defendant.

Plaintiffs, for their complaint against Defendant Calacci Construction Co., Inc.,
state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.      Plaintiffs John Raines and John Nesse, and any subsequently appointed
successor, are Trustees of the Carpenters and Joiners Defined Contribution Plan. The
Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained
pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Plan is administered
in accordance with the provisions of ERISA, and is exempt from federal income taxation
pursuant to Internal Revenue Code § 401(a).

2.      Plaintiffs, and any subsequently appointed successors, are fiduciaries
under ERISA § 3(21), 29 U.S.C. § 1002(21) for the Carpenters and Joiners Defined
Contribution Plan (hereinafter collectively referenced as "the Fund" or "Plaintiffs").

3.      Defendant Calacci Construction Co., Inc. is a construction company
registered to do business in the state of Iowa with an address of 2881 Independence
Road, Iowa City, IA 52240. Upon information and belief, Calacci Construction Co., Inc.

employs individuals in the carpentry construction industry and signed a collective bargaining agreement to obtain labor for that purpose. Calacci Construction Co., Inc. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.     This is an action by the Trustees of the Fund to collect unpaid fringe benefit contributions due pursuant to the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.

5.     The trust fund for which Plaintiffs are trustees is administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

6.     Beginning on October 2, 2016, by execution of the Eastern Iowa Commercial Agreement collective bargaining agreement ("CBA"), Defendant Calacci Construction Co., Inc. ("Defendant") was bound to the terms of the CBA it executed with the North Central States Regional Council of Carpenters.

7.     To date, Defendant has not terminated the CBA. Therefore, it remains in effect through the date of this lawsuit.

8.     The CBA requires employers, such as Defendant, to make fringe benefit contributions to the Fund in accordance with the CBA's terms. These contributions must be made on behalf of all employees covered by the CBA, in amounts set forth and agreed upon therein, for the purpose of funding employees' retirement benefits.

9.      Pursuant to the CBA and the Trust Agreement for the Fund, Defendant is required to complete a report form with the information as required by the Trustees, identifying each of the company's employees and each hour worked by that employee during any month in which the employees perform covered work. The report is required to be submitted to the Fund's designated agent with the required payment for any fringe benefit contributions due and owing as a result of the employees' worked hours no later than the 15th day of the month following the month in which hours were worked. For example, the remittance report and payment for hours worked by Defendant's employees in May 2020 were due to the Fund (or the Fund's designated receiving agent) on or before June 15, 2020.

10.      The Trust Agreement or Declarations of Trust governing the Fund has been or is incorporated by reference into the CBA.

**COUNT 1**
**ERISA § 515 – FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS**

11.      Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 10.

12.      Defendant has breached the company's obligations under the CBA and the Trust Agreement(s) by failing to timely submit accurate monthly fringe fund remittance reports and pay all required fringe benefit contributions due and owing for the months of October 2019, November 2019, April 2020, May 2020, June 2020, and July 2020.

13.      Upon information and belief, Defendant has employed individuals performing work covered by the jurisdiction of the CBA during these months and will continue to employ such individuals.

3

14.     In addition, every month, until this matter is resolved either through dismissal or judgment, Defendant will be obligated to remit a fringe benefit fund remittance report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, Defendant will be delinquent for each such month. For example, the report and payment due for employee hours worked during July 2020 were due and owing on or before August 15, 2020.

15.     Defendant has violated ERISA §515, 29 U.S.C. §1145 by failing and refusing to produce the fringe fund remittance reports due for the months of October 2019, November 2019, April 2020, May 2020 and June 2020, and July 2020.

16.     Defendant is liable for all fringe benefit contributions which are due and owing for hours worked by covered employees during the months of October 2019, November 2019, April 2020, May 2020, June 2020, July 2020, and all fringe benefit contributions which become due and owing during the pendency of this action.

17.     Unless the district court orders injunctive relief in the form of an order requiring Defendant to submit the fringe benefit reports due for the months of October 2019, November 2019, April 2020, May 2020, June 2020, July 2020, and any months in which Defendant becomes delinquent, Plaintiffs will be unable to enforce the obligations set forth in the CBA and Trust Agreement(s), and will be unable to quantify their damages.

18.     In addition to any fringe benefit contributions due and owing to the Fund, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established

4

by the plans, plus liquidated damages as provided for in the CBA and the Trust Agreement under which the Fund is established.

19.    Pursuant to the CBA and Trust Agreement under which the Fund is established, and ERISA § 502, 29 U.S.C. § 1132, Defendant is also required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant Calacci Construction Co., Inc. as follows:

1.    For an order requiring Defendant to immediately submit the fringe benefit fund reports owed to Plaintiffs for October 2019, November 2019, April 2020 through July 2020, and remit payment for the fringe benefit contributions due per the hours disclosed, plus all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its covered employees, and to further enjoin Defendant from failing to timely submit reports and contributions. The fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN, 55425, or the administrative agent designated by the Plaintiffs.

2.    A judgment pursuant to ERISA §515 and §502(g) for all amounts which become are due and owing pursuant to the fringe benefit fund remittance reports which Defendant is obligated to submit throughout this litigation, including an additional ten percent (10%) of any fringe benefit contribution amounts reported for liquidated damages.

3.    Any and all relief available in accordance with ERISA §515, 29 U.S.C. §1145 and ERISA §502(g), 29 U.S.C. §1132(g).

5

4.      Interest and any additional penalties or damages recoverable under ERISA

§ 502(g).

5.      For an award of costs, disbursements and attorney fees according to law.

6.      For such other and future relief as the Court deems proper.

Respectfully submitted,

Date: September 2, 2020.                       **KUTAK ROCK LLP**

By:  *s/ Nathan T. Boone*
     Amanda R. Cefalu (#0309436)
     Nathan T. Boone (#0398989)
     60 South Sixth Street, Suite 3400
     Minneapolis, MN 55402
     PH:  612-334-5000
     FX:  612-334-5050
     amanda.cefalu@kutakrock.com
     nathan.boone@kutakrock.com

     *Attorneys for Plaintiffs*

4848-9144-2629.3